UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 0:18-cv-62681-civ-Altman

LUIS HERNANDEZ,

    Plaintiff,

v.

PTS OF AMERICA, LLC; PRISONER
TRANSPORTATION SERVICES, LLC; U.S.
CORRECTIONS, LLC; MICHAEL DUNN,
JAMES BLAKE, JOSE REYES, COURTNEY
MALONE, RICHARD HASKINS, LEGGETT
LESIA and JENNIFER KING,

    Defendants.

_____/

## DEFENDANTS, PTS OF AMERICA, LLC AND PRISONER TRANSPORTATION SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO COMPEL BETTER RESPONSES TO FIRST AND SECOND REQUESTS FOR PRODUCTION TO THE CORPORATE DEFENDANTS

Defendants, PTS OF AMERICA, LLC and PRISONER TRANSPORTATION SERVICES, LLC (the "PTS Defendants"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P., Rule 26, hereby file this Response in Opposition to Plaintiff's (sic) Amended Motion to Compel Better Responses to First and Second Requests for Production to PTS of America, LLC and Prisoner Transportation Services, LLC, and U.S. Corrections, LLC[1] (collectively referred to as the "corporate Defendants") and state:

---

[1] U.S. Corrections, LLC was added as a Defendant in this action with Plaintiff's April 16, 2019 Corrected Second Amended Complaint. Plaintiff's First and Second Requests for Production were not directed to U.S. Corrections as it was not a party to the litigation. The undersigned does not represent U.S. Corrections, LLC, which as of the date of this Response, has not yet responded or entered an appearance in this case. Therefore, Plaintiff has no grounds to seek discovery or an order on a motion to compel against U.S. Corrections, LLC.

Part I of this Response provides the Court with relevant background and procedure of the instant case. Part II includes each Request and Response where in the PTS Defendants' objections and grounds in support are stated in full. Part III, the Memorandum of Law, explains to the Court why the objections raised in response to Plaintiff's Requests for Production are valid and should be sustained.

## I.  PROCEDURAL HISTORY OF THIS DISCOVERY DISPUTE

1. This matter arises out of the extradition of Plaintiff-prisoner, Luis Hernandez, from California to Florida by the corporate Defendants, U.S. Corrections and numerous extradition agents employed by the corporate Defendants and/or U.S. Corrections.

2. Plaintiff-prisoner initiated a violation of civil rights and state tort law claims against the corporate Defendants for injuries that allegedly occurred during the transport.

3. On December 28, 2018, the Plaintiff-prisoner served his First Request for Production ("1st RFP") to the PTS Defendants. (See Plaintiff's Exhibit A [DE 42-1] attached to Plaintiff's Amended Motion to Compel [DE 42].) The PTS Defendants served their responses, which included several objections, on January 30, 2019. The responses are discussed more fully below.

4. On February 12, 2019, the Plaintiff-prisoner served his Second Request for Production ("2nd RFP") to the PTS Defendants. [DE 42-2] The PTS Defendants served their responses and objections on March 25, 2019.

5. The parties have conferred and reached agreement on many of the discovery requests. These corporate Defendants have produced all identifiable and non-privileged prisoner transport records and logs in their possession pertaining to Plaintiff-prisoner. Plaintiff's Motion to Compel addresses the objections for which no agreement was reached and this Response in

Opposition to Plaintiff's Motion to Compel provides legal support as to why the PTS Defendants have not produced the documents requested.

## II. REQUESTS FOR PRODUCTION AND OBJECTIONS

### A. First RFP:

Request Number 6:

#6. Complete copies of **all documents related to payment** (as that term is defined above) to the Defendant(s) based on any contract, agreement or understanding between the Defendant(s) and any governmental agency or entity (as that term is defined above) for the transportation of the Plaintiff as alleged in the Complaint in this action.

Response

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**Grounds for Defendants' Objection**

The PTS Defendants have agreed to produce any contract that existed between them and the Broward County Sheriff's Office applicable to the Plaintiff prisoner's transport. They have also agreed to produce the invoice pertaining to Plaintiff prisoner's transport.

However, Plaintiff prisoner seeks documents reflecting the rates of payment that the PTS Defendants received for *all* prisoners. In contrast, Plaintiff prisoner's request asked for only documents that reflect payment for the transportation of the Plaintiff. The PTS Defendants have objected to producing the documents pertaining to other inmates who were transported with Plaintiff.

The PTS Defendants object to Plaintiff's request for the contracts or agreements between the Defendants and any governmental agency or entity for the transportation of *other* inmates who were transported in the same vehicles as Plaintiff because that information is irrelevant to Plaintiff's claim. Plaintiff claims that the cost structure of the Defendants' contracts with governmental entities is necessary to support his allegation that the corporate Defendants aim to reduce costs by providing reduced safety and basic human needs to the inmates as a way to increase corporate profits. Although Plaintiff's claim that the corporate Defendants put "profits before people" is absolutely false, the Plaintiff does not need the contracts related to other inmates' transportation to support his claim. Plaintiff will have a clear understanding as to the corporate pay structure of each transport based on the invoices associated with the transport of Plaintiff and through depositions of corporate employees.

Additionally, the request for "all documents related to payment" is overly broad and vague and encompasses bank statements, deposit slips, check copies, etc. Fed. R. Civ. P.

3

34(b)(1)(A) provides in pertinent part, "[t]he request must describe with reasonable particularity each item or category of items to be inspected."

### B. Second RFP:

Request Number 6:

#6. Any and all incident reports created by the transport staff and/or extradition agents regarding Luis Hernandez from 4/1/17 through 4/10/17.

Response

Please see Defendants' objection contained in their Response to Request for Production dated January 20, 2019 and Privilege Log dated February 7, 2019.

**Grounds for Defendants' Objection**

Plaintiff's request seeks to discover the incident reports created by the corporate Defendants' employees related to the incidents involving the Plaintiff that occurred during the transport. The PTS Defendants stand by their objection that the incident reports are protected under the work-product privilege and previously filed a privilege log in support of same. [**See** Privilege Log marked as "Exhibit 1."]

Contrary to Plaintiff's position, the incident reports were prepared in anticipation of litigation. It was the company policy of Prisoner Transportation Services, LLC and PTS of America, LLC, upon advice of legal counsel, for the officer in charge during the transports to prepare an incident report to document any prisoner's refusal of medications, complaint of injury or request for medical attention. Plaintiff can verify these policies by referencing the PTS of America Directive Manual, which was previously produced to Plaintiff on January 31, 2019. The PTS Defendants have also attached an executed Affidavit of Frank Caruso, Director of Operations for the PTS Defendants confirming same. (**See** Affidavit of Frank Caruso marked as "Exhibit 2" and Affidavit of Joel Brasfield marked as "Exhibit 3.")

The PTS Defendants rely on *Fojtasek v. NCL (Bahamas) Ltd*., 2009 U.S. Dist. LEXIS 107478 (S.D. Fla. Nov. 6, 2009) in support of their assertion of the work-product privilege as to the incident reports. In *Fojtasek*, Plaintiff sought discovery of an incident report that was prepared one day after a passenger was injured and contained a narrative of the incident. The Defendants asserted the work-product privilege. In support of its position, the Defendant submitted an Affidavit of the Manager of Passenger Claims for NCL, Bahamas, that provided that the "NCL policy established at the direction of legal counsel, that when a passenger sustains an injury that requires more than the basic first aid, in anticipation of litigation, NCL requests that all tour operator[s] prepare and submit an incident report that memorializes the tour operator's investigation of the incident." *Id*. at 10. This Court held in *Fojtasek* that the incident report fell squarely into the scope of Federal Rule 26(b)'s work product protection and was not subject to disclosure. *Id*. at 16.

As in *Fojtasek*, the PTS Defendants policy established at the direction of legal counsel, that when an inmate refuses medications, complains of an injury or requests medical attention, the officer in charge of the transport must prepare an incident report that narrates the incident and send it to his/her trip manager via email correspondence.

Additionally, this Court in *Fojtasek* recognized that there was no evidence that Tabyana Tours knew at the time that it prepared the incident report that it would be sued in the instant or other litigation related to the incident. *Id*. at 17. This Court further recognized that in the context of the work-product doctrine, "litigation need not necessarily be imminent, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Id*.

The plaintiff in *Fojtasek* argued that even if the incident report was protected by the work-product doctrine, an exception applied because plaintiff demonstrated a substantial need for the report to prepare his case and could not, without undue hardship, obtain the substantial equivalent of the incident report by other means. *Id*. at 18. In the instant case, Plaintiff has not established a substantial need or undue hardship for the exception of the work-product doctrine to apply. In fact, counsel for the PTS Defendants provided Plaintiff with the names and contact information of the officer in charge, Jennifer King, and trip managers, Anthony Spalding and Shannon Slade. These individuals are available for deposition and would give Plaintiff the opportunity to explore the basis and contents of the incident reports. In addition, Plaintiff has the option of interviewing the witnesses of the incident(s) as the PTS Defendants have identified the names of every other inmate transported with Plaintiff. Plaintiff can also depose the corporate representatives of Defendant.

In sum, the PTS Defendants, like in *Fojtasek*, have provided the Affidavit of Frank Caruso and Joel Brasfield that supports the PTS Defendants assertion that all incident reports were created in compliance with company policy established by legal counsel in anticipation of litigation. Therefore, this Court should conclude, like in *Fojtasek*, that the incident reports pertaining to Plaintiff are protected under the work-product doctrine. Also, given the fact that Plaintiff has other avenues available to explore the content of the incident reports, this Court should agree that Plaintiff has failed to establish an undue hardship and is therefore not entitled to the production of the incident reports.

Requests Number 31–34:

#31. All records and reports that document any refusal by Luis Hernandez to take his medication.

#32. All records and reports that document any refusal by Luis Hernandez to eat.

#33. All records and reports that document any refusal by Luis Hernandez to go to the bathroom.

#34. All reports that document that Luis Hernandez soiled himself and refused to clean himself or change his clothes.

Responses

(31) Objection. This request encompasses materials protected by the work product privilege. See Defendants' Privilege Log. Without waiving said objection, see also the documents previously produced by Defendants as Exhibits 4 & 5 to their January 30, 2019 Response to Request for Production.

(32) Objection. This request encompasses materials protected by the work product privilege. See Defendants' Privilege Log. Without waiving said objection, see also the documents previously produced by Defendants as Exhibit 4 to their January 30, 2019 Response to Request for Production.

(33) Objection. This request encompasses materials protected by the work product privilege. See Defendants' Privilege Log. Without waiving said objection, see also the documents previously produced by Defendants as Exhibit 4 to their January 30, 2019 Response to Request for Production.

(34) Objection. This request encompasses materials protected by the work product privilege. See Defendants' Privilege Log. Without waiving said objection, see also the documents previously produced by Defendants as Exhibit 4 to their January 30, 2019 Response to Request for Production.

**Grounds for Defendants' Objection**

The PTS Defendants asserted the above objections to Plaintiff's Requests 31–34 because the records or reports pertaining to any of the above events are considered incident reports. As previously explained, company policy requires that the officer in charge during the transport prepare an incident report anytime an incident occurs involving an inmate, like the ones described in Plaintiff's Requests 31–34. The PTS Defendants have already produced all materials (other than the incident reports) involving Plaintiff's refusal to take medications, refusal to eat, refusal to use the restroom or refusal to change his clothes. Also, Plaintiff has the opportunity to interview the witnesses to these types of incidents involving Plaintiff but has not yet done so.

Furthermore, the PTS Defendants provided Plaintiff with the prisoner status report that included the dates in which Plaintiff refused to accept lunch, dinner, and his medications. The prisoner status report also provided the dates in which Plaintiff soiled himself and refused to clean up or change his clothes. Despite having this log of events, Plaintiff still seeks to obtain the PTS Defendants privileged incident reports.

Request Number 36:

#36. **Any** and **all internal** investigations, **documents**, reports, pleadings, or **memorandum** relating to any complaint, whether a formal litigation complaint that was filed or any written complaint to any of the Defendants, filed by or on behalf of, any of the following individuals:

a. – r. [See pp. 6–8 of Plaintiff's Motion to Compel for the list of individual claimants.] [DE 42.]

Response
---

Objection. The requests set forth in Request for Production Number 36 encompass matters that are protected from disclosure and discovery in this action pursuant to confidentiality agreements; are overly broad and unduly burdensome; are a matter of public record (to the extent the request is for a copy of a pleading); and are not reasonably calculated to lead to the discovery of admissible evidence in that they pertain to matters that are not the same or similar to that at issue in this case. Instead, they involve different Defendant entities, different time periods (in which there were different company policies and procedures in place), different transport agents, different claimants, and different allegations of misconduct. **See *Whelan v. Royal Caribbean Cruises LTD*** , 2013 U.S. Dist. LEXIS 147853 and ***Moncrieffe v. Clark Equip. Co***., 2008 U.S. Dist. LEXIS 131089.

**Grounds for Defendants' Objection**

Plaintiff's request is overly broad and vague as to "any and all … documents" and "memorandum" as the request is non-specific, and may include attorney client and work-product materials. Plaintiff's request for "documents" or "memorandum" could encompass anything, including privileged incident reports, published news articles available to the public online, prior claimants' medical records that are protected under HIPAA, etc. The request is too broad and vague and the PTS Defendants cannot reasonably identify what type of documents or memorandum Plaintiff prisoner is seeking, assuming the documents or memorandum are even relevant. Fed. R. Civ. P. 34(b)(1)(A) provides in pertinent part, "[t]he request must describe with reasonable particularity each item or category of items to be inspected."

Additionally, Plaintiff's request seeks documents in the possession of PTS Defendants related to other known incidents or complaints against them. Many of the documents included in Plaintiff's request are protected from disclosure and discovery in this action pursuant to settlement and release agreements that included non-disclosure confidentiality agreements. Therefore, assuming PTS Defendants has records pertaining to prior claims that have settled they are unable to produce them.

Furthermore, if Plaintiff is entitled to any documents related prior incidents, then he is only entitled to those that are public record and/or "substantially similar" to the instant case. The Eleventh Circuit follows the substantially similar doctrine, which provides that evidence of prior incidents are admissible if: (1) the circumstances of the prior incidents are substantially similar to those at issue in the present action; (2) the prior incidents are not too remote in time; and (3) the evidence must be more probative than prejudicial. ***Whelan v. Royal Caribbean Cruises, Ltd.***, 2013 U.S. Dist. LEXIS 147853. The purpose of this doctrine is to "protect parties against the admission of unfairly prejudicial evidence, evidence which, because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury." ***Acevedo v. NCL (Bah.) Ltd***., 317 F. Supp. 3d 1188, 1193 (S.D. Fla. 2017).

7

Many of the prior incidents that Plaintiff listed are ***not*** substantially similar to the allegations in this case. Specifically, Steven Galack, William Culpepper, William Weintraub and Denise Isaacs purportedly died while in PTS Defendants' custody. Lauren Sierra, Tabitha Phelps and Roberta Blake alleged that they were sexually assaulted by the transport guards. Serica Hadnot allegedly suffered a miscarriage during transport and Darren Richardson alleged that a transport guard forced a shotgun to his head. None of these prior incidents are substantially similar to the allegations raised in this case. There is no nexus or commonalty between the claimed actions or actors. Plaintiff has never alleged that he was sexually or physically assaulted by the transport guards, he did not suffer from vaginal bleeding or have a miscarriage and he is certainly not dead. Allowing these prior incidents to be discoverable is too prejudicial and serves no probative value when they have no bearing on the allegations in this case. These prior instances are not calculated to lead to the discovery of admissible evidence. It also worth noting that Plaintiff's submission listing various cases with a description of facts should lead the Court to believe that Plaintiff already has these documents in his possession.

Additionally, many of these prior incidents occurred *before* the PTS Defendants updated and implemented new company policies and procedures and conducted new employee training. Allowing Plaintiff to use prior incidents, whether substantially similar to this case or not, that are too remote or occurred *before* the new policies and procedures were in effect is also highly prejudicial to the PTS Defendants as it would confuse or mislead the jury. This Court should find that the prior incidents that occurred before the new company policies were enacted in 2016 are too remote and not substantially similar to prove deliberate indifference under *Monell* § 1983 claim because the allegations occurred while the transport agents operated under old company policies. Since the PTS Defendants have improved their policies and training since 2016, all prior incidents should not be considered substantially similar and anything otherwise would be highly prejudicial to the PTS Defendants.

Lastly, many of these prior incidents have not been adjudicated; therefore, the prior incidents are nothing more than mere allegations. Even though the prior and pending law suits against the PTS Defendants are public record, the PTS Defendants would be willing to provide Plaintiff with copies of the Complaints, assuming they have those documents in their possession. As for the prior claims that have settled, the PTS Defendants stand by their objections and reassert that pursuant to the settlement and release agreements, all parties involved are subject to a confidentiality agreement; therefore, the PTS Defendants may not be forced to produce internal investigation records pertaining to any substantially similar claims.

Request Number 41:

#41. All records that show Luis Hernandez requested medical [care] during the transport and was denied.

Response

Objection. This request encompasses materials protected by the work product privilege. See Defendants' Privilege Log. See also documents previously produced by Defendants as Exhibits 4 & 5 to their January 30, 2019 Response to Request for Production.

8

**Grounds for Defendants' Objection**

The PTS Defendants' reassert that it was company policy of Prisoner Transportation Services, LLC and PTS of America, LLC, upon advice of legal counsel, for the officer in charge during the transports to prepare an incident report to document an inmate's request for medical attention. The PTS Defendants stand by their objection that the incident reports are protected under the work-product privilege.

### III. <u>MEMORANDUM OF LAW AND LEGAL ANALYSIS</u>

The objections and responses to Plaintiff's requests were asserted in good faith and not in an attempt to conceal information. Plaintiff has failed to conduct any depositions of the corporate Defendants' employees and representatives which would enable discovery on the subject issues. The PTS Defendants are afforded certain protections and privileges as a matter of law that supports their objections to producing specific information to Plaintiff. To force the PTS Defendants to break confidentiality or work-product privilege would be highly prejudicial and unjust to them.

**A.   The PTS Defendants produced all documents pursuant to Plaintiff's Requests that are within the scope of discovery.**

The PTS Defendants understand that the rules of discovery are to be broadly and liberally construed. ***See Hickman v. Taylor***, 329 U.S. 495, 506 (1947). Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."

Plaintiff claims that documents establishing the corporate structure are necessary to determine liability amongst the Defendants multiple interrelated entities. The PTS Defendants do not dispute this claim and has already provided Plaintiff with a corporate organization chart attached to their Second Supplemental Response to Plaintiff's Second Request for Production dated April 16, 2019. Plaintiff also claims that incident reports, manifests, trip logs, prisoner

9

logs, medicine distribution logs, etc. are all within the scope of discoverable materials. The PTS Defendants reassert the same objection and grounds for support regarding the incident reports that are protected under the work-product doctrine. However, as for the other records requested, the PTS Defendants have already produced to Plaintiff the prisoner manifest, trip logs, activities logs, prisoner logs and medicine distribution logs for Plaintiff's entire transportation from California to Florida in their January 30, 2019, March 25, 2019 and April 15, 2019 discovery responses. The PTS Defendants also produced Plaintiff's prisoner medical information sheet that provided Plaintiff's physical condition at the time of pick-up as well as a list of Plaintiff's medications and dosage instructions that were given to the guards at pick-up.

The trip logs that were provided to Plaintiff contain a complete list of all prisoners that were transported with Plaintiff, and the dates, times and locations of pick-ups and drop-offs of each prisoner, including Plaintiff. The activities logs that were provided to Plaintiff were created by the agent drivers to document every date, time, mileage record and location that the agent drivers stopped during the transport for prisoner meals, restroom breaks, medication distribution, pick-ups or drop-offs, and rest over nights. The documents evidencing when Plaintiff was provided his medications (the medication distribution logs that Plaintiff referred to) were included on the prisoner medical information sheet as well as the activities logs, both of which were already provided to Plaintiff.

Despite Plaintiff's requests, Plaintiff has been provided any and all documents related to Plaintiff's transport except for the incident reports. The PTS Defendants simply do not have any other non-privileged documents in their possession related Plaintiff's transport to produce.  It is not PTS Defendants goal to deprive Plaintiff of documents in which he is entitled to prove his case; rather, the PTS Defendants have been forthcoming and transparent in their production of

documents, with the exception of the privileged incident reports, and do not have any additional materials to provide.

> **B. The incident reports were not created in the ordinary course of business, but rather upon advice of legal counsel in anticipation of litigation; therefore, the incident reports are privileged under the work-product doctrine and are not discoverable.**

The work-product doctrine states that an adverse party generally may not discover or compel disclosure of written or oral materials prepared by or for an attorney in the course of legal representation, especially in preparation for litigation. Fed. R. Civ. P. 26(b)(3)(A). The party claiming the work-product privilege must prove that the materials are: (1) documents and tangible things; (2) prepared in anticipate of litigation or trial; and (3) by or for the party or by or for the party's representative. *Id*.

The PTS Defendants objected to the production of the incident reports on the grounds that the incident reports were prepared in anticipation of litigation and protected under the work-product doctrine. The PTS Defendants can prove all three elements necessary to assert the work-product protection: (1) the incident reports are documents and tangible; (2) the incident reports were prepared upon the advice of legal counsel in anticipation of litigation (**see** Exhibits 2 & 3); and (3) the incident reports were created by an agent employee of the PTS Defendants.

Plaintiff is correct in that documents prepared "in the ordinary course of business" may not be found to have been prepared in anticipation of litigation. **See** *Advisory Committee's Notes*, 48 F.R.D. 487, 501 (1970) and *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 604 (8th Cir. 1977). However, Plaintiff's assertion that the incident reports were created in the ordinary course of business is misplaced. It was the company policy of Prisoner Transportation Services, LLC and PTS of America, LLC, upon advice of legal counsel, for the officer in charge during the transports to prepare an incident report to document any prisoner's refusal of

11

medications, complaint of injury or request for medical attention. (See Exhibit 1.) ***See also Fojtasek v. NCL (Bahamas) Ltd***., 2009 U.S. Dist. LEXIS 107478 (S.D. Fla. Nov. 6, 2009). Plaintiff can verify these policies by referencing the PTS of America Directive Manual, which was previously produced to Plaintiff on January 31, 2019.

It is no secret that prisoner transport companies are often sued by the prisoners that they transport. It is also no secret that over the years the PTS Defendants have been named defendants in other lawsuits, most of which were filed before new company policies and procedures were implemented. Due to the number of lawsuits brought against prisoner transport companies, including the PTS Defendants, it was PTS Defendants' company policy, upon advise of legal counsel in anticipation of litigation, to create incident reports every time an incident occurred involving the inmate. Thus, the PTS Defendants stand by their objections and reassert that the incident reports were not created in the ordinary course of business, but rather were created upon advice of legal counsel in anticipation of litigation. Therefore, the protection afforded under the work-product doctrine applies to the incident reports involved here.

Furthermore, documents protected under the work-product doctrine may be discoverable only when a party seeking discovery has need of the material and is unable to obtain the substantial equivalent without undue hardship. ***Tyne v. Time Warner Entm't Co., L.P.***, 212 F.R.D. 596, 598 (M.D. Fla. 2002). Plaintiff claims that the incident reports sought are essential to Plaintiff's proof because they contain facts that support his claims. Even though the incident reports are not discoverable, the PTS Defendants provided Plaintiff with several other means to explore the basis for the incident reports and the facts contained in them. Specifically, the PTS Defendants provided Plaintiff with the names and contact information for each agent that transported Plaintiff. The PTS Defendants also identified the officer in charge during Plaintiff's

transport who prepared the incident reports. Plaintiff has the opportunity to depose the officer in charge and explore the facts contained in the incident reports through his line of questioning.

Additionally, the PTS Defendants have provided Plaintiff with a complete list of names of the other prisoners who were transported with Plaintiff. Plaintiff has the opportunity to interview every single prisoner on board with Plaintiff to explore the events the occurred during the transport involving Plaintiff. Plaintiff has not proven to the PTS Defendants or to this Court that he is unable to obtain the information protected in the incident reports without undue hardship. Plaintiff should have to take advantage of the open opportunities given to him before the PTS Defendants are forced to turn over privileged materials.

### C. The PTS Defendants are not required to produce prior incidents that are not substantially similar and are too remote to that of Plaintiff's allegations.

The Eleventh Circuit follows the substantially similar doctrine, which provides that evidence of prior incidents are admissible if: (1) the circumstances of the prior incidents are substantially similar to those at issue in the present action; (2) the prior incidents are not too remote in time; and (3) the evidence must be more probative than prejudicial. ***Whelan v. Royal Caribbean Cruises, Ltd.***, 2013 U.S. Dist. LEXIS 147853. The purpose of this doctrine is to "protect parties against the admission of unfairly prejudicial evidence, evidence which, because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury." *Acevedo v. NCL (Bah.) Ltd*., 317 F. Supp. 3d 1188, 1193 (S.D. Fla. 2017).

Plaintiff seeks to obtain records that he thinks may prove that his injuries were the result of customs and practices which took the form of corporate policy that was deliberately indifferent to his rights. Specifically, Plaintiff has requested that the PTS Defendants produce any and all documents related to eighteen (18) prior claims filed against them, no matter the type

of allegation(s) or date of incident. Most of these claims are not substantially similar to the allegations in question and are too remote.

Even if some of the prior incidents are deemed substantially similar and not too remote, it is likely that those claims were settled with the claimant and/or Plaintiff and the settlement was subject to a confidentiality agreement that would prevent the PTS Defendants from producing any documents related to that prior incident. If the prior incidents were not settled and subject to the confidentiality agreement, then that means the claims have not yet been adjudicated and are nothing more than mere allegations. Allowing production of prior incidents that are subject to the confidentiality agreement is too prejudicial to the PTS Defendants as it would result in a breach of contract.

Additionally, allowing production of prior incidents that occurred before the PTS Defendants enacted new company policies and procedures would be highly prejudicial as it would confuse or mislead the jury. This would confuse or mislead the jury because the PTS Defendants did not operate under the same policies and procedures of these prior claims at the time of Plaintiff's transport. Allowing prior incidents that occurred before 2006 when the PTS Defendants implemented new policies and procedures and employee training protocol would be too prejudicial to the PTS Defendants. Therefore, the PTS Defendants should not be compelled to produce any documents related to prior incidents that are not substantially similar, are too remote or prejudicial to the PTS Defendants.

## CONCLUSION

Based on the foregoing, the PTS Defendants respectfully request that the Court deny Plaintiff's Motion, award PTS its reasonable attorneys' fees and costs incurred in responding to Plaintiff's Motion, and award the PTS Defendants such further relief as this Court deems proper.

Respectfully submitted,

*/s/ Amanda L. Decker*_____
KARISSA L. OWENS, ESQUIRE
Florida Bar No.: 0579971
Email: klo.service@rissman.com
AMANDA L. DECKER, ESQUIRE
Florida Bar No.: 1010693
Email: ald.service@rissman.com
Rissman, Barrett, Hurt,
 Donahue, McLain & Mangan, P.A.
6451 North Federal Highway, Suite 400
Fort Lauderdale, FL 33308
Telephone: (954) 526-5480
Facsimile: (954) 745-7258
Attorneys for Defendants,
PTS of America, LLC
Prisoner Transportation Services

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the following has been electronically filed with the Clerk of Court by using the CM/ECF system on this 29th day of April, 2019, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Amanda L. Decker*_____
KARISSA L. OWENS, ESQUIRE
Florida Bar No.: 0579971
Email: klo.service@rissman.com
AMANDA L. DECKER, ESQUIRE
Florida Bar No.: 1010693
Email: ald.service@rissman.com
Rissman, Barrett, Hurt,

 Donahue, McLain & Mangan, P.A.
6451 North Federal Highway, Suite 400
Fort Lauderdale, FL 33308
Telephone: (954) 526-5480
Facsimile: (954) 745-7258
Attorneys for Defendants,
PTS of America, LLC
Prisoner Transportation Services

## SERVICE LIST

David A. Frankel, Esq.
Law Offices of David A. Frankel, P.A.
17 N.E. 4th Street
Fort Lauderdale, Florida 33301
Telephone: (954) 683-0030
E-mail: david@bluelotuslaw.com
paralegal@bluelotuslaw.com

Edward Hernandez, Esq.
Falk, Waas, Hernandez, Cortina,
Solomon & Bonner, P.A.
135 San Lorenzo Ave, Suite 500
Coral Gables, Florida 33146
Telephone: (305) 447-6500
E-mail: ehernandez@falkwaas.com